UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**OTHO LEE HARRIS,**
  **Plaintiff,**

  vs.                                                   No. 04-1252

**T.S. BENNETT, et al.,**
  **Defendants.**

### ORDER AND MEMORANDUM OPINION

Before the court are the defendants' summary judgment motion [75] and the plaintiff's response [78].

### Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Background

The Plaintiff, Otho Lee Harris, claims his First Amendment right to access the courts was violated by the Defendants, James M Carothers, Anthony C Payne, Debbie Cook,. Turnquist, Gary L Pampel, Manuel Rojas, Don Niles, Douglas A Cravens, Edward McNeil, Sheila M Love, Mark A Pierson, Donald N Snyder, Tammy S Bennett, D K Marsalea and R. E. Walker.  The Plaintiff alleges that he was placed in segregation from October 7, 2002, to December 7, 2002. Plaintiff claims that during this time he was not allowed access to the law library. Plaintiff claims that, due to his lack of access to the law library, two civil actions he was pursuing were dismissed for lack of prosecution.  The Defendants argue that while it is true Plaintiff's cases were dismissed, access to the law library would not have prevented their dismissal.

## Undisputed Material Facts

1. The Plaintiff was an inmate incarcerated at the Hill Correctional Center at all relevant times.
2. Defendants are employed in various capacities by the Illinois Department of Corrections and at all relevant times were acting under color of state law.
3. Plaintiff was in the segregation unit at Hill Correctional Center from October 7, 2002, to December 7, 2002.
4. Plaintiff was involved in a federal habeas corpus action captioned: Harris v. Walls, USDC-NDIL 02-524. (Exhibit A)
5. Harris v. Walls, was denied based on the merits of the case on October 24, 2002. (Exhibit A, d/e 76).
6. Chief District Judge, Charles Kocoras, denied the Plaintiff's petition for writ of habeas corpus because 1) the Plaintiff's claim that his arrest should have been quashed was not appropriate for federal habeas corpus review; 2) Plaintiff's claim concerning the extended term sentence by the state trial court was not appropriate for federal review; and 3) the Court found the Plaintiff was provided an adequate defense at his trial. (Id.)
7. Plaintiff was involved as a Defendant/Counter-Plaintiff in a case captioned:  Harvey v. McKenzie, Champaign County Circuit Court 99-L-335.
8. Plaintiff's counterclaim in Harvey v. McKenzie, Champaign County Circuit Court 99-L-335, was dismissed for want of prosecution. (Exhibit B, d/e 76.)
9. The Defendant in that case filed a Motion to Dismiss the Plaintiff's counter claim. (Id.)
10. On January 2, 2001, the Plaintiff, Harris responded to the Motion to Dismiss.  (Id.)  On January 4, 2001, the court directed Harris to file a memorandum of law in opposition to the motion and deliver a coy to the court no later than February 5, 2001.  (Id.)  In that same order, the court ordered that a failure to comply with the order would result in the court's granting the motion as confessed.  (Id.)  The plaintiff, Harris did not file a memorandum of law.  On October 22, 2002, the court set the case for a hearing as to why the case should not be dismissed pursuant to L. R. 3.7 on November 1, 2002.  (Id.)
11. The Plaintiff was to appear or have an attorney appear on his behalf for a hearing on

   November 1, 2002. (Exhibit 7 attached to Plaintiff's Complaint).
12. The Plaintiff failed to appear or have an attorney appear on his behalf and the case was dismissed for want of prosecution. (Id.)

## Discussion

**Access to the Courts**

  Issues concerning the law library are deemed to be allegations concerning an inmate's access to courts. Access to the courts is meant to allow a prisoner to bring claims to the preliminary stages in the court, not to allow full-fledged self-representation. *Smith v. Shawnee Library System*, 60 F.3d 317, 322 (7th Cir. 1995). Officials do not deny an inmate access to the courts because of inconveniences or restrictive rules. *Id.* "Prisoners must receive 'that quantum of access to prison libraries -- not total or unlimited access -- which will enable them to research the law and determine what facts may be necessary to state a cause of action.'" Brooks v. Buscher, 62 F.3d 176, 179 (7th Cir. 1995) *quoting Hossman v. Spradlin*, 812 F.2d 1019, 1021 (7th Cir. 1987).

  The Seventh Circuit has created a two-part test to determine if prison officials have denied an inmate access to the courts: 1) the inmate must prove that prison officials failed "'to assist in the preparation and filing of meaningful legal papers'" and 2) the inmate must show "'some quantum of detriment caused by the challenged conduct of state officials.'" *Brooks*, 62 F.3d at 179 *quoting Jenkins v. Lane*, 977 F.2d 266, 268 (7thir. 1992). Prison officials can satisfy an inmate's right of access to the courts by providing an inmate with access to persons trained in the law or to provide the inmate with adequate access to law libraries. *Brooks*, 62 F.3d at 179. Meaningful access is denied only if a prisoner's ability to do basic research is restricted so much that he is unable to formulate basic legal theories and get through the initial stages of litigation. *Brooks*, 62 F.3d at 180 *citing Smith v. Shawnee Library System*, 60 F.3d 317 (7th Cir. 1995).

  Second, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous claim has been frustrated or impeded such that he has suffered an actual injury. *Lewis v. Casey*, 116 S. Ct. 2175, 2180 (1996); *Romero v. O'Sullivan*, 302, Ill. App. 3d 1031, 236 Ill. Dec. 648, 707 N.E.2d 986 (4th Dist. 1999). Prison authorities are allowed to experiment in providing meaningful access to courts. *Bounds v. Smith*, 430 U.S. 817, 830, 97 S. Ct. 1491, 1499 (1977).

  The Defendants are entitled to summary judgment because the Plaintiff's claims were not frustrated or impeded such that he has suffered an actual injury. Plaintiff claims his two lawsuits were dismissed for want of prosecution. (Plaintiff's Complaint Count 2 ¶ 11). Plaintiff claims his suits were dismissed because he was not allowed access to the law library. (Count 2, generally.) However, it is obvious from the disposition of his cases that access to the law library would not have prevented them being dismissed.

  First, the Plaintiff claims his Federal Habeas Corpus action was dismissed for want of prosecution. (Plaintiff's Complaint Count 2 ¶ 11.) In reality, the Plaintiff's habeas action

was denied on the merits of the claims made. (Undisputed Fact #6). There is nothing in the order denying the Plaintiff's habeas action that indicates additional pleadings by the Plaintiff would have changed the decision of the Court. (Undisputed Fact #6). Second, the Plaintiff claims his state counterclaim was dismissed for want of prosecution because he was denied access to the law library. (Plaintiff's Complaint, Count 2, ¶6). Plaintiff's counterclaim was dismissed for want of prosecution. (Undisputed Fact #8.) ) The Defendant in that case filed a Motion to Dismiss the Plaintiff's counterclaim. (Undisputed Fact # 9.) The Plaintiff responded to the Motion to Dismiss on January 2, 2001. It is the Plaintiff's contention that he was placed in segregation from October 7, 2002, to December 7, 2002 and during that time he was not allowed access to the law library. However, the Plaintiff's deadline to file the memorandum of law was prior to October 7, 2002. The deadline was February 5, 2001. Furthermore, the record before this court shows that the Plaintiff's counterclaim was dismissed because it was called for a hearing at which the Plaintiff was to appear or have an attorney appear on his behalf. (Undisputed Facts #10-12.) As a result the cause of action was dismissed for want of prosecution. (Undisputed Fact # 11-12.) Allowing the Plaintiff more access to the law library would not have prevented the Plaintiff's counterclaim from being dismissed. Plaintiff's claim was dismissed because he was incarcerated and did not obtain an attorney; not due to a lack of access to legal resources.

The Defendants are entitled to summary judgment because the Plaintiff's claims were not frustrated or impeded such that he has suffered an actual injury. Additionally the Defendants had no duty to assist the Plaintiff with a habeas action when he had already successfully litigated the action to a decision on its merits. As noted above, meaningful access is denied only if a prisoner's ability to do basic research is restricted so much that he is unable to formulate basic legal theories and get through the initial stages of litigation. In this case, the Plaintiff was able to get through the initial stages of both of the cases he cites as having been prejudiced.

Further, Defendants are entitled to qualified immunity because the court finds not law and Plaintiff points to none that places a duty on the Defendants to take the Plaintiff to a hearing in a civil matter when it was not requested. As such, established law does not require the Defendants to do anymore. In order for Plaintiff to defeat a qualified immunity claim, he must prove the Defendant violated a constitutional right that was clearly established at the time of the alleged misconduct. *McGrath v. Gillis*, 44 F.3d 567, 569 (7th Cir. 1995). The burden of establishing the existence of such a clearly established constitutional right is on plaintiff. *Id.* at 570 (*citing Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988). He must point out a closely analogous case that establishes that he had a right to be free from the specific conduct alleged to violate the general constitutional right at issue. *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993). Although this is a substantial barrier for plaintiff, it is appropriate because qualified immunity is designed to shield from civil liability all but the plainly incompetent and those who knowingly violate the law. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1177 (7th Cir. 1994). Plaintiff must also establish that the alleged violated rights were so clear that a reasonable official would understand that what he is doing at the time violates that right. *McGrath*, 44 F.3d at 570; *See also Anderson v. Creighton*, 483 U.S. 635 (1987). Under *Anderson*, 483 U.S. 635 (1987), the court's review of existing case law must focus on "particularized" facts and concrete legal principals to clarify the law in relation to defendant's conduct at the time the conduct occurred. A finding by this Court that the Defendants are required to do more, such as hire an attorney on his behalf or use state resources to assure an appearance in a civil case unrelated to his incarceration or take the Plaintiff

to a hearing in a civil matter when it was not requested, would be a substantial change in the law of which the Defendants were not aware.  Therefore, the Defendants are entitled to qualified immunity against the Plaintiff's claim of denial of access to the court for his state case.

As there is no genuine issue as to any material fact, the defendants, Tammy Bennett, Roger E. Walker, James Carothers, Anthony Payne, Debbie Cook, Ron Turnquist, Gary Pampel, Manuel rojas, Don Niles, Douglas Cravens, Edward McNeil, Sheila Love, Mark Pierson, D. K. Marsalek and Donald Snyder are entitled to a judgment as a matter of law.

Furthermore, based on the foregoing, the remaining defendants, Danny Jaimet and Ann Willmert are also entitled to summary judgment.  The court may also grant summary judgment sua sponte, cautiously and with proper notice to the parties.  *Osler Institutute v. Ford*, (7th Cir. 2003).  The plaintiff is allowed up to and including August 21, 2007 to come forward with evidence to overcome summary judgment for Jaimet and Willmert.

**Based on the foregoing:**

1. **Pursuant to Fed. R. Civ. Pro. Rule 56(b), Defendants' summary judgment motion [75] is allowed.  The Defendants, Tammy Bennett, Roger E. Walker, James Carothers, Anthony Payne, Debbie Cook, Ron Turnquist, Gary Pampel, Manuel rojas, Don Niles, Douglas Cravens, Edward McNeil, Sheila Love, Mark Pierson, D. K. Marsalek and Donald Snyder are entitled to a judgment as a matter of law.  The clerk of the court is directed to enter judgment in favor of these Defendants and against the Plaintiff at the close of this lawsuit.**
2. **The Plaintiff is allowed up to and including August 21, 2007 to come forward with evidence to overcome summary judgment for Jaimet and Willmert.  Defendants shall file a response seven days thereafter.**

**Enter this 9th  day of August 2007.**

s\Harold A. Baker
_____
**Harold A. Baker
United States District Judge**