UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**OTHO LEE HARRIS,**
   **Plaintiff,**

   vs.              No. 04-1252

**T.S. BENNETT, et al.,**
   **Defendants.**

## ORDER AND MEMORANDUM OPINION

  Before the court is the plaintiff's motion for reconsideration [82] of the court's order granting summary judgment to the defendants, Tammy Bennett, Roger E. Walker, James Carothers, Anthony Payne, Debbie Cook, Ron Turnquist, Gary Pampel, Manuel rojas, Don Niles, Douglas Cravens, Edward McNeil, Sheila Love, Mark Pierson, D. K. Marsalek and Donald Snyder. These defendants did not file a response to said motion. The court has reviewed the plaintiff's motion and finds that the points raised in his motion are without merit. Therefore, the court is still of the opinion that summary judgment in favor of the defendants is appropriate for the reasons stated in its August 9, 2007 order [81]. Accordingly, pursuant to Fed.R.Civ.P. 59, the plaintiff's motion for relief from judgment [82] is denied.

  In the court's August 9, 2007 order and memorandum opinion [81], the court granted summary judgment to Tammy Bennett, Roger E. Walker, James Carothers, Anthony Payne, Debbie Cook, Ron Turnquist, Gary Pampel, Manuel rojas, Don Niles, Douglas Cravens, Edward McNeil, Sheila Love, Mark Pierson, D. K. Marsalek and Donald Snyder. The court also found that the remaining defendants, Danny Jaimet and Ann Willmert[1] are entitled to summary judgment. The court advised the plaintiff that the court may grant summary judgment sua sponte, cautiously and with proper notice to the parties. *Osler Institutute v. Ford*, (7th Cir. 2003). The plaintiff was allowed up to and including August 21, 2007 to come forward with evidence to overcome summary judgment for Jaimet and Willmert. The plaintiff has failed to come forward with any facts to overcome summary judgment for Jaimet and Willmert. Therefore, based on the court's August 9, 2007 opinion and the plaintiff's failure to come forward with evidence or facts to overcome summary judgment for Jaimet and Willmert, these defendants are entitled to summary judgment as a matter of law.

**Based on the foregoing:**

1.  **The plaintiff's motion for reconsideration of the court's August 9, 2007 order [82] is denied pursuant to Fed. R. Civ. Pro. Rule 59.**

---

[1] Jaimet and Willmert were served on June 26, 2007 and June 5, 2007, respectively. Both filed answers on July 25, 2007.

2. **Sua spnte, pursuant to Fed. R. Civ. Pro. Rule 56(b), Danny Jaimet and Ann Willmert are granted summary judgment. The clerk of the court is directed to enter judgment in favor of the Defendants and against the Plaintiff. The case is terminated. The parties are to bear their own costs.**
3. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.** *See* **Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

**Enter this 10th  day of September 2007.**

s\Harold A. Baker
_____
**Harold A. Baker**
**United States District Judge**